TREVOR J. HATFIELD, ESQ
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 388-4469
Facsimile: (702) 386-9825
Email: *thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEREMY BUNKER, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY of CLARK, a Political Subdivision of the State of Nevada;<br><br>　　　　Defendant. | CASE NO:<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

COMES NOW, Plaintiff JEREMY BUNKER (hereinafter "Plaintiff") by and through his attorney, Trevor J. Hatfield, Esq., of the law firm Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant (hereinafter "Defendant") as follows:

## NATURE OF THE ACTION

1.　　This is a religious discrimination case where Plaintiff was terminated from his employment in violation of 42 U.S.C. Section(s) 1201 *et seq.*, Title VII of the Civil Rights Act of 1964, (hereinafter "Title VII") and laws of the State of Nevada, and a disability discrimination case where Plaintiff was terminated in violation of 42 U.S.C. Section(s) 1201 *et seq.* the American's with Disabilities Act of 1990, and amendments thereto, (ADAA) and laws of the State of Nevada.

## PARTIES

2. At all times relevant hereto, Plaintiff, residing in Clark County, Nevada, was and is an individual residing in the State of Nevada. Plaintiff was an employee of Defendant.

3. At all times relevant hereto, Defendant is an "employer" as defined by federal common law. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

4. Defendant regularly employs fifteen or more persons.

5. All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants reside and/or regularly conduct business and where all the wrongful conduct occurred.

8. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has complied with all the administrative prerequisites to action under the applicable law. Plaintiff timely filed a formal Charge of Discrimination with the Nevada Equal

Rights Commission (hereinafter "NERC") alleging that Plaintiff was subjected to religious and disability discrimination in his workplace. Plaintiff promptly and diligently accommodated all NERC requests for information and fully cooperated in the agency's investigation of this matter.

10.     Plaintiff has exhausted all available administrative remedies in accordance with the applicable law prior to instituting this civil action.

11.     Plaintiff received his Right to Sue and timely filed this action as to Defendant.

## FACTUAL ALLEGATIONS

12.     Plaintiff is a sincere devotee of the Christian religion. He was hired as by Defendant in June 2021. His last position was investigator.

13.     In September 2021, Plaintiff requested an exemption form having to work on Sundays and an exemption from Defendant's covid-19 policy mandating that all employees, generally, become vaccinated and wear a mask.

14.     Plaintiff and Defendant interacted that month but in October 2021 his request for an exemption was denied in writing.

15.     In October 2021, Plaintiff requested a reasonable accommodation based upon a doctor's recommendation to be exempt from having to wear a mask at work and having to take the covid-19 vaccine. He also requested to work remotely.

16.     Defendant interacted with Plaintiff but in November 2021 Defendant denied Plaintiff's request for a reasonable accommodation that he requested in October 2021. Plaintiff appealed to no avail. Other employees similarly situated with Plaintiff received exemptions to work remotely. Plaintiff was denied all requests for exemption and accommodation despite their being no articulated hardship to Defendant. Plaintiff was then terminated from his employment in February 2022 for failing to get vaccinated and wear a mask.

///

17. Plaintiff then requested a charge of discrimination from NERC. Plaintiff requested to mediate with Defendant, but Defendant refused to mediate.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Discrimination as to Terms and Conditions of Employment and/or Hiring Practices in Violation of Title VII: Religion and Hostile Work Environment)**

18. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

19. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff's request for a religious accommodation or exemption from being required to get the covid-19 vaccination and exemption from having to wear a mask was bona fide and did not cause any hardship for Defendant as Plaintiff complied with Defendant's requirements that all unvaccinated employees subject to testing negative to work or continue to work.

20. Plaintiff was subjected to discrimination due to his religion in that other employees were granted a religious accommodation or exemption from having to get the covid-19 vaccination, and Plaintiff was treated differently in violation of law due to his religion or religious beliefs.

21. Plaintiff's employment was terminated after he requested a religious exemption from having to get vaccinated for covid-19, and when he complained of the religious discrimination and the hostile work environment that he incurred due to his request to Defendant.

///

///

22. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to his as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

23. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

24. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION

## Wrongful Termination Under the ADAA

25. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

26. Defendant refused to engage in any interactive process and refused to provide a reasonable accommodation to Plaintiff even though a reasonable accommodation was requested by Plaintiff.

27. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

28. Defendant's termination of Plaintiff was not based upon any other reasonable reason and was discriminatory as to Plaintiff. Defendant terminated Plaintiff without just cause and because of his disability.

29. Such adverse employment actions by Defendants were in violation of the ADAA.

- 5 -

30. Following Defendant's termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

31. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

32. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

33. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

### THIRD CAUSE OF ACTION

### Violation of Nevada Statutory Protections

34. Plaintiff incorporates Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

35. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

36. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee.

37. Plaintiff was terminated for discriminatory animus regarding the religious and disability exemption requests that he made.

///

38. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

39. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

40. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

### **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. An award to Plaintiff for back pay and front pay economic damages in amount to be shown according to proof;

2. An award to Plaintiff for compensatory damages;

3. An award to Plaintiff for reasonable attorney's fees and costs and interest and;

4. Such other and further relief as this Court deems just and appropriate.

Dated this 5th day of October 2022.　　　**HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469